## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RICO PERRY,

        Plaintiff,

        v.

MARK HOLMES, et al.,

        Defendants.

No. 24-11954-DLC

---

### ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO AMEND THE COMPLAINT (DKT. NOS 2, 4) AND REVIEW OF AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)

CABELL, U.S.M.J.

### I. INTRODUCTION

In this action, Rico Perry, who is representing himself, claims that he did not receive adequate medical care while he was confined at the Plymouth County Correctional Facility ("PCCF"). Instead of paying the $405 filing fee, Perry has filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 2). Perry has also filed a motion to amend his complaint. (Dkt. No. 4). For the reasons set forth below, the Court will GRANT the motions to proceed *in forma pauperis* and to amend and direct Perry to file a second amended complaint.

.

## II.  MOTION TO PROCEED *IN FORMA PAUPERIS*

Upon review of Perry's motion for leave to proceed *in forma pauperis*, the Court concludes that Perry has adequately demonstrated he is eligible to proceed without prepayment of the filing fee.  Accordingly, the motion is GRANTED.

## III. MOTION TO AMEND

Under the Federal Rules of Civil Procedure, Perry may amend his complaint once as a matter of right within twenty-one days of (1) service of the complaint; or (2) the defendant's filing of an answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Because summonses have not issued and the complaint has not been served, Perry may amend his complaint at a matter of right.  Accordingly, the motion to amend is GRANTED.  The Clerk shall docket Perry's proposed amended complaint and the exhibits thereto (Dkt. No. 4-1, 4-2) as the amended complaint.

## IV.  REVIEW OF THE AMENDED COMPLAINT

Because Perry is proceeding *in forma pauperis*, the Court may conduct a preliminary review of the complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes Perry's

amended complaint because he is proceeding *pro se*.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### A.   FACTUAL ALLEGATIONS AND CAUSES OF ACTION IN THE AMENDED COMPLAINT

According to Perry, on January 28, 2020, he was shot in the back of his head by agents of the Alcohol, Tobacco, Firearms and Explosives.  Amend. Compl. ¶ 17.  Perry represents that he was subsequently detained at PCCF "while suffering with constant pain from light, headaches, migraines from being shot in the back of the head."  Id. ¶ 18.  Perry alleges that when he sought medical treatment from PCCF medical staff, Dr. Lawrence Boyd "refused to treat [Perry] at the behest of the [United States Marshals Service ("USMS")]" and Nurse Practitioner Ann Marie Nolan "failed to address Plaintiff's serous medical needs."  Id. ¶¶ 19-21.  According to Perry, thereafter he filed numerous claims with Mark Holmes, the PCCF Grievance Coordinator, "who failed to properly address Plaintiff's claims."  Id. ¶ 22.  Perry asserts that Captain Hilaire Vladimir Pierre, whom Perry identifies as an "administrator" at PCCF, "had a duty to ensure Plaintiff's medical were met while under his care and custody and failed to do so."  Id. ¶ 23.  Perry alleges that "[a]ll Defendants failed to provide a reasonable level of care" and "proper medical care."  Id. ¶¶ 25-26.

Perry brings this action against Holmes, Pierre, Boyd, Nolan. Perry names as eight other individuals as defendants, including three individuals as three employees of the USMS.  Id. ¶¶ 6-13. Although the eleven exhibits to the amended complaint include documents that appear to have been created by some of them, the amended complaint does not contain any factual allegations concerning these individuals.

The amended complaint is in three counts, all of which are brought under 42 U.S.C. § 1983 ("§ 1983").  Count one is for "Deliberate Indifference," Count two is for "Gross Negligence," and Count three is for "Failure to Protect."  Id.  at 3-4.  Each count is asserted against all the defendants.

> **B.   DISCUSSION**

As set forth below, Perry's amended complaint fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84

(1st Cir. 2008)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that the "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

In evaluating the sufficiency of the complaint, the court only considers "well-pleaded" factual allegations. In other words, factual allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. 544, 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

Here, Perry's complaint neither gives the defendants adequate notice of the claims against them nor contains sufficient factual

content which, treated as true, allows the court to draw a reasonable inference that the defendants are liable to him.

As to the defendants identified in paragraphs six through thirteen of the amended complaint, Perry does not allege any conduct by them whatsoever, let alone any conduct that suggests they are liable to him. Information in the exhibits alone is insufficient to state a claim for relief. Although exhibits are allowed, Perry must identify in the body of the pleading the alleged misconduct of each party. Further, the three defendants who are employed by the USMS, which is a federal agency, are not subject to suit under § 1983. Section 1983 imposes liability solely on persons acting "under color of state law." See Hernandez v. Mesa, 589 U.S. 93, 109 (2020); 42 U.S.C. § 1983.[1]

Perry's amended complaint also does not state a claim upon which relief may be granted against defendants Holmes, Pierre, Boyd, and Nolan. Perry does not provide in enough information

---

[1] In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that "a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." Hernandez, 589 U.S. at 99. The doctrine enunciated in Bivens was extended to cover a claim under the Fifth Amendment for federal employee's discrimination claim and a federal prisoner's claim under the Eighth Amendment for failure to provide adequate medical treatment. Id. However, Bivens has not been applied to claims against federal defendants as broadly as the remedy provided by § 1983 for claims against state actors. See id at 109-14.

about their alleged misconduct.  The amended complaint does not
contain approximate dates of relevant events, and the exhibits do
not serve as a timeline.  In addition, Perry's allegations of
wrongdoing are largely conclusory.  For example, Perry seeks to
hold Nolan liable because he asked her for medical treatment and
she "failed to provide Plaintiff with proper medical care and
failed to address Plaintiff's serious medical needs."  Amend.
Compl. ¶ 21.  Perry does not, however, identify the medical care
Nolan did provide and explain why it was not "proper."

Similarly, Perry's allegations concerning Boyd must be more
fulsome before the court can even consider whether his actions
were unconstitutional.  Perry's "naked assertion" that Boyd
"refused" to treat Perry at the "behest" of the USMS does not allow
the court to draw the reasonable inference that Boyd violated
Perry's constitutional rights.  A pleading need not contain all
details relevant to a claim, but, with regard to his interaction
with Boyd, Perry should identify the particular symptoms for which
he sought treatment, when and how he asked Boyd for treatment, and
how Boyd responded to the request, and why Perry believes that
Boyd's refusal was at the "behest" of the USMS.

The allegations against Pierre are particularly meager.  It
appears that Perry seeks to hold Pierre liable simply because he
is an "administrator" at PCCF.  However, "only those individuals
who participated in the conduct that deprived the plaintiff of his

7

rights can be held liable [in a § 1983 action]." <u>Cepero-Rivera v.</u>
<u>Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005).  In other words, a
supervisor may not be liable under § 1983 based solely on the
misconduct of a subordinate.  <u>Id.</u> Rather, the supervisor's conduct
must be affirmatively linked to the subordinate's unconstitutional
action, such that the supervisor's conduct "could be characterized
as . . . gross negligence amounting to deliberate indifference."
<u>Justiniano v. Walker</u>, 968 F.3d 11, 20 (1st Cir. 2021) (alteration
in original) (quoting <u>Guadalupe-Báez v. Pasquera</u>, 819 F.3d 509,
515 (1st Cir. 2016)).

If Perry wishes to proceed with this action, he should file
a second amended complaint which cures these pleading defects.

### V.   <u>CONCLUSION</u>

In accordance with the foregoing:

1.   The motion for leave to proceed *in forma pauperis* (Dkt.
No. 2) is GRANTED.

2.   The motion to amend (Dkt. No. 4) is GRANTED.  The Clerk
shall docket Perry's proposed amended complaint and the exhibits
thereto (Dkt. No. 4-1, 4-2) as the amended complaint.

3.   If Perry wishes to proceed with this action, the Court
directs him to file a second amended complaint in accordance with
the above-discussed requirements.  If Perry fails to do so within
twenty-eight (28) days, the Court may recommend to a District Judge

that this action be dismissed for failure to state a claim upon which relief may be granted.

<u>So ordered</u>.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: November 15, 2024